E-FILED
Friday, 05 November, 2021 07:37:40 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| H.K. and J.C., through their father and legal guardian CLINTON FARWELL, and M.W., through her mother and legal guardian ELIZABETH WHITEHEAD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | No. 1:21-cv-01122-SLD-JEH<br><br>Chief Judge Sara Darrow |

**GOOGLE LLC'S UNOPPOSED MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Pursuant to Local Rules 7.1(B)(3) and 7.1(F), defendant Google LLC ("Google") respectfully moves the Court for leave to file a reply brief in support of its Motion to Dismiss First Amended Complaint. ECF No. 16. Google has conferred with Plaintiffs, and they do not oppose this Motion for Leave to File Reply (the "Motion"). ECF No. 17 at 2.

In this District, reply briefs require leave of the court. LR 7.1(B)(3). Courts will permit reply briefs if "a reply from the moving party would be helpful to its disposition of the motion," "if the party opposing a motion has introduced new and unexpected issues in [their] response to the motion," or if a reply would be "in the interest of completeness." *Guajardo v. Skechers USA, Inc.*, 503 F. Supp. 3d 746, 751 (C.D. Ill. 2020). As shown below, Google's Reply[1] will aid the Court with the disposition of the novel legal issues raised in Google's Motion to Dismiss,

[1] Google's Reply is attached to this Motion as Exhibit A. LR 7.1(F). Also included in Exhibit A are the Declaration of Nicola Menaldo and Exhibits 1 through 3.

address documents extrinsic to the First Amended Complaint ("FAC"), ECF No. 14, that Plaintiffs raised for the first time in their Opposition, ECF No. 18, and serve the interest of completeness.

1. Google raises two issues of first impression in its Motion to Dismiss. The first is whether the federal Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. §§ 6501, *et seq.* preempts the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* COPPA regulates the online collection of data from persons younger than age 13, and it explicitly preempts state laws that impose liability for alleged conduct that is "inconsistent" with how COPPA treats that same alleged conduct. 15 U.S.C. § 6502(d). For example, Courts have found that COPPA preempts state law claims for violation of consumer protections and rights to privacy. *Hubbard v. Google LLC*, 508 F. Supp. 3d 623, 632 (N.D. Cal. 2020); *see also Manigault-Johnson v. Google, LLC*, No. 2:18-CV-1032, 2019 WL 3006646, at *6 (D.S.C. Mar. 31, 2019) (reasoning COPPA preempted Plaintiffs' state law privacy claims). And Courts have found that other federal laws preempt BIPA. *Miller v. Sw. Airlines Co*., 926 F.3d 898, 904 (7th Cir. 2019) (finding BIPA preempted by Railway Labor Act); *Carmean v. Bozzuto Mgmt. Co*., No. 20-C-5294, 2021 WL 2433649, at *4 (N.D. Ill. June 15, 2021) (finding BIPA preempted by Labor Management Relations Act). But Google is unaware of any court having considered whether COPPA preempts BIPA claims arising from the alleged online collection of Biometric Data[2] from persons younger than age 13. As this is an issue of first impression, Google's reply brief will help clarify the specific preemption question presented to the Court.

Second, Google argues that the Illinois Student Online Personal Protection Act

[2] Google uses "Biometric Data" to refer to "biometric information" and "biometric identifiers" as defined by BIPA. 740 ILCS 14/10.

("SOPPA"), 105 ILCS 85/1, *et seq*. supersedes BIPA because SOPPA exclusively regulates the collection of student data by educational technology providers—such as Google in the context of this case. SOPPA is a new law, enacted in 2017 with amendments going into effect earlier this year. Google is unaware of any authority interpreting SOPPA and believes that this Court will be the first to interpret the statute. Google's Reply will help the Court understand the legislative intent behind SOPPA and will illuminate how the conflicts between SOPPA and BIPA fit within an existing legal framework established through Illinois Supreme Court precedent.

2. Google's Reply also responds to new issues and documents, extrinsic to the FAC, that Plaintiffs cite and rely on for the first time in their Opposition. These documents are Google's general Privacy Policy and the Google Workspace for Education Privacy Notice. Opp. at 14. Because neither of these documents are attached to or cited in the FAC, Google could not have discussed them in its Motion to Dismiss. Plaintiffs mischaracterize these documents in the Opposition, so Google requests the opportunity to rebut these newly raised arguments.

3. Finally, Google's Reply serves the interest of completeness. Despite quoting two new documents in their Opposition, Plaintiffs neglected to provide the Court with copies of those Documents. Google has attached the Privacy Policy and the Google Workspace for Education Privacy Notice as Exhibits 1 and 2 respectively to the Declaration of Nicola Menaldo, which in turn is attached to Google's Reply. Additionally, Google has attached, as Exhibit 3, a redline comparing Plaintiffs' original Complaint, ECF No. 1 at 10-35, to the FAC. This redline shows that Plaintiffs chose not to amend their allegations related to Google's alleged collection and possession of Biometric Data, even though Google's Motion to Dismiss the original complaint previewed its arguments that Plaintiffs failed to state a claim. ECF No. 11 at 13-17. By filing these documents as Exhibits, the Reply will provide the Court with a complete understanding of

Plaintiffs' newly raised arguments.

For the reasons stated above, and because Plaintiffs do not oppose this Motion, Google respectfully asks that the Court grant Google leave to file its Reply.

Dated: November 5, 2021

Respectfully submitted,

By: */s/ Nicola C. Menaldo*

Kathleen A. Stetsko
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Telephone: 312.324.8400
Email: KStetsko@perkinscoie.com

Nicola Menaldo
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Email: NMenaldo@perkinscoie.com

Bobbie Wilson, Lead Counsel
Sunita Bali
Samuel Wilson
PERKINS COIE LLP
505 Howard St., Suite 1000
San Francisco, CA 94015-3204
Telephone: 415.344.7000
Email: BWilson@perkinscoie.com
Email: SBali@perkinscoie.com
Email: SWilson@perkinscoie.com

**CERTIFICATE OF SERVICE**

I, Nicola C. Menaldo, certify that on November 5, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*s/ Nicola C. Menaldo*
Nicola C. Menaldo